**In re Theodore B. OLSON,
Robert M. Perry.**

**Division No. 86–1.**

United States Court of Appeals,
District of Columbia Circuit.

(Division for the Purpose of Appointing
Independent Counsels

Ethics in Government Act of 1978,
as Amended).

Jan. 9, 1990.

Before: MacKINNON, Presiding,
BUTZNER and PELL, Senior Circuit
Judges.

PER CURIAM.

Upon Independent Counsel's submission of a request to the Attorney General pursuant to 28 U.S.C. § 593(c), her prosecutorial

discretion in *In re Olson* was expanded to designate Robert M. Perry as an additional subject of investigation. However, Perry was not subsequently indicted and as authorized by 28 U.S.C. § 593(f) he now applies for an award of $8,421.74 as reimbursement for the fees and expenses paid to his attorneys.

In such circumstances the Independent Counsel Reauthorization Act, 28 U.S.C. § 591 *et seq.* (the Act), provides:

> (1) Award of fees.—Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those *reasonable attorneys' fees* incurred by that individual *during that investigation* which would not have been incurred *but for* the requirements of this chapter.

28 U.S.C. § 593(f) (emphasis added). Inquiries into the awarding of attorneys' fees under the Act focus on two principal elements: (1) whether the fees would not have been incurred "but for" the Act and (2) whether such fees are "reasonable."

■ The investigation by the Public Integrity Section of the Department of Justice, and its decision not to recommend prosecution provides ample support for the conclusion that, in the investigation conducted by the Independent Counsel, Perry was being subjected to expenses for a duplicative investigation that he would not have been subjected to in the absence of the Ethics in Government Act. *See In re Olson,* 884 F.2d 1415, 1420 (D.C.Cir.1989). On that basis we find that the "but for" requirement of the statute is satisfied.

■ In addition to the but for requirement the Act restricts the Court to making awards for payments of "reasonable" attorneys' fees. It is difficult for the Court to find that attorneys' fees are reasonable if, as here, the billings merely specify a certain amount of time for a "conference" with no further specification as to the subject matter of the conference. The applica-

tion is lacking in this respect. However, from our experience in other independent counsel cases we take notice that the total amount of *time* devoted to the defense of the client "during [the] investigation" is reasonable, though the documentary support submitted in support thereof is minimal.

■ We also find the attorneys' fees *rates* to be reasonable. They are billed at $150 per hour for one attorney and $60 per hour for a law clerk and the reasonableness of such rates is supported by affidavits of qualified disinterested lawyers.

■ So much for the fees incurred *during* the investigation. In addition the application requests an award by the Special Division for attorneys' fees incurred in the preparation of the application to the Court for attorneys' fees. The Final Report of Independent Counsel was filed with the court on March 14, 1989 and the application requests reimbursement for attorneys' fees incurred from March 27, 1989 to June 16, 1989 in the preparation of the fee application. Obviously, such fees were not incurred *during the investigation,* nor were they incurred in Perry's defense. The Act therefore does not permit the court to award fees for such purpose. *In re Olson,* 884 F.2d 1415, 1427 (D.C.Cir. 1989). The provision "during [the] investigation" in § 593(f)(1) indicates a congressional intent to limit the award to attorneys' services rendered, during the investigation, in asserting the merits of subject's defense against the criminal charges being investigated. *Id.* Fees incurred in preparation of the fee application are not "reasonably related to a defense to ... [the Independent Counsel's] investigation." *Id.* (quoting *In re Donovan,* 877 F.2d 982, 993 (D.C.Cir.1989)). As the Act is a waiver of sovereign immunity it must be strictly construed. *United States v. Mottaz,* 476 U.S. 834, 851, 106 S.Ct. 2224, 2234, 90 L.Ed.2d 841 (1986); *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2701–02, 69 L.Ed.2d 548 (1981); *In re Olson* at 1428;

 

*In re Donovan* at 994–95; *In re Jordan,* 745 F.2d 1574, 1576 (D.C.Cir.1984). The application to the Special Division of the Court for attorneys' fees in the total sum of $8,421.74 must thus be reduced by $2,790.20 as fees incurred in the preparation of the fee application are not reimbursable under the Act.

It is therefore ordered that applicant be awarded reasonable attorneys' fees in the amount of $5,631.54.

*Order accordingly.*