**In re Oliver L. NORTH (PLATT FEE APPLICATION).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

Aug. 23, 1994.

Before: SENTELLE, Presiding, BUTZNER and SNEED, Senior Circuit Judges.

### ORDER

PER CURIAM.

This matter coming to be heard and being heard before the Special Division of the Court, upon the application of Nicholas Platt for reimbursement of attorneys' fees pursuant to § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988), and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith, that the motion is well taken, it is hereby

ORDERED, ADJUDGED and DE-CREED that the United States reimburse Nicholas Platt for attorneys' fees he incurred during the investigation by Independent Counsel Lawrence E. Walsh in the amount of $22,384.81 this 23rd day of August, 1994.

Before: SENTELLE, Presiding; BUTZNER and SNEED, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

Nicholas Platt seeks reimbursement under § 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1988) ("the Act") for attorneys' fees incurred by him during 1992 and 1993 as a result of the Iran/Contra investigation conducted by Independent Counsel Lawrence E. Walsh. Finding his application to be fully in compliance with the terms of the Act, we conclude that he is entitled to the fees prayed for and therefore allow the same.

### I. DISCUSSION

#### A. *Background*

As we have previously noted, the Independent Counsel investigation of the so-called Iran/Contra affair explored events occurring in 1985 and 1986. *See generally In re North (Shultz Fee Application)*, 8 F.3d 847, 849 (D.C.Cir.1993) (per curiam) ("*Shultz*"). During that period of time, Nicholas Platt was a high-level State Department official. Some time shortly before March 13, 1992, being aware that his immediate superior, then-Secretary of State George Shultz, had become a

subject in the investigation and that he, Platt, had acted with and for Shultz in matters within the scope of the Shultz phase of the Independent Counsel's investigation, Platt retained counsel to defend him as to that investigation and such matters as might arise therefrom. On January 31, 1994, after the conclusion of the Walsh investigation, Platt filed an application for reimbursement of attorneys' fees incurred in that representation.

On February 2, obedient to the mandate of 8 U.S.C. § 593(f), we notified the Attorney General of Platt's application and directed her to evaluate that request. Thereafter, the Attorney General filed a response, commendable for its brevity, addressing all issues relevant to the award of attorneys' fees under the Act, raising no major issue as to Platt's entitlement, and noting that this application is generally controlled by our decision in *Shultz*. We agree with the Attorney General for reasons set out briefly below.

#### B. *Analysis*

■ A successful applicant for reimbursement of attorneys' fees under the Act must show that he is an individual who was the subject of an investigation conducted by an Independent Counsel, that he was not indicted, and that the fees were reasonable and would not have been incurred but for the requirements of the Ethics in Government Act. *In re North (Dutton Fee Application)*, 11 F.3d 1075 (D.C.Cir.1993) (per curiam). Except for the reasonableness requirement, the Attorney General correctly advises that our decision in *Shultz* is dispositive; save as to requirements that Platt so obviously meets as to make further analysis unnecessary.

■ As to Platt's status as an unindicted individual, there can be no dispute. As to his status as a subject, the record mandates a conclusion that he has met this requirement. At the time Platt retained counsel, he knew that his conduct as a high-level aide to Secretary Shultz was within the area of the Secretary's conduct being investigated by the Independent Counsel. Furthermore, only three days after he retained counsel, Deputy Independent Counsel Barrett informed

Platt's attorney that the Independent Counsel's Office considered Platt a subject of the investigation. Under the precedent set by *Shultz*, which found the Secretary to be a subject on substantially the same facts, we determine that Platt has met this requirement. *See Shultz*, 8 F.3d at 850.

██ As to the "but for" requirement, we held in *Shultz* that the Secretary had met that requirement where the investigation centered on alleged circumvention of the Boland Amendments, which no Attorney General had ever treated as criminal, and where, without any extraordinary reason, the Independent Counsel had converted the status of an individual from that of witness to that of subject four and one-half years into the investigation. *Id.* at 851. All this is true of Platt as well as Secretary Shultz. We therefore agree with the Attorney General's conclusion that Platt meets the "but for" requirement.

██ Platt has also met the requirement that the fees be incurred during the investigation. Although a portion of the attorney services were actually performed after the close of the Independent Counsel's investigation, those services involved in the preparation, filing, and sealing of a response to the Final Report are compensable even if they were incurred after the termination of the investigation. *See In re Meese*, 907 F.2d 1192, 1203 (D.C.Cir.1990) (per curiam) (citing

*In re Donovan*, 877 F.2d 982, 994 (D.C.Cir. 1989) (per curiam)). Again, Platt has met the requirement.

There remains only the question of whether Platt's fee request meets the requirement of reasonableness. The Attorney General rightly questioned this element, as Platt submitted no supporting affidavits as to the reasonableness of his attorneys' rates, other than those of the attorney involved. Since the filing of the Attorney General's response, however, Platt has submitted additional affidavits supportive of the rates, ranging from $90 to $285 per hour, claimed by the professionals involved, we conclude that he has now met this requirement.

## II. CONCLUSION

For the reasons set forth above, we conclude that Platt is entitled to reimbursement for attorneys' fees in the amount prayed for, and by order of even date herewith, we direct reimbursement for legal fees in the amount of $21,758.00 and expenses in the amount of $626.81.