### In re Oliver L. NORTH (GARRETT FEE APPLICATION).

### Division No. 86–6.

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Feb. 14, 1995.

Before: SENTELLE, Presiding, BUTZNER and FAY, Senior Circuit Judges.

Opinion for the court filed PER CURIAM.

PER CURIAM:

H. Lawrence Garrett III, former General Counsel for the Department of Defense, seeks reimbursement under the Ethics in Government Act, 28 U.S.C. § 591 et seq., for attorneys' fees incurred as a result of investigation by Independent Counsel Lawrence Walsh. For the reasons that follow, we deny Garrett's application.

I

Garrett served as General Counsel for the Department of Defense from February 1986 to August 1987. During this time the independent counsel investigated former Secretary of Defense Caspar Weinberger in connection with the Iran/Contra Affair. Garrett was responsible for producing Department of Defense documents in response to requests from the independent counsel. Attorneys for the independent counsel interviewed Garrett regarding notes kept by Secretary Weinberger and other documents, and Garrett twice appeared before a grand jury.

Secretary Weinberger was indicted in 1992 for perjury, making false statements, and obstructing Congress. President Bush subsequently pardoned him. The independent counsel did not seek an indictment against Garrett.

II

To recover attorneys' fees under the Act, an applicant must show that: (1) he was the subject of an independent counsel's investigation; (2) he was not indicted; (3) the fees would not have been incurred but for the requirements of the Act; and (4) the fees requested are reasonable. 28 U.S.C. § 593(f)(1); *In Re North (Dutton Fee Application),* 11 F.3d 1075 (D.C.Cir.1993).

This court, pursuant to 28 U.S.C. § 593(f)(2), directed the Department of Justice to evaluate Garrett's fee application in the light of the statutory requirements. The

Department raised questions regarding Garrett's subject status and the reasonableness of the fees requested. Because we find that Garrett was not a subject within the meaning of the Act, we do not discuss the reasonableness of the fees.

■ This court has held that to qualify as a subject under the Act, an individual must show that, at the time the fees were incurred, his conduct was being investigated "in a way that would lead a reasonably counseled person ... to believe that there was a realistic possibility that he would become a defendant." *Dutton*, 11 F.3d at 1079. We emphasized in *Dutton* that the individual must reasonably appear to be a "potential defendant" and that "a status of 'mere witness' is insufficient to confer upon one the brand of 'subject' for purposes of the Act." 11 F.3d at 1078.

■ The circumstances surrounding the independent counsel's investigation of Secretary Weinberger, as set out in the independent counsel's Final Report, do not persuade us that Garrett was a subject of investigation. In cases in which we have found that an individual was a subject, the individual was directly involved as a principal or agent in the matters being investigated. *See, e.g., In Re North (Platt Fee Application)*, 31 F.3d 1188, 1189 (D.C.Cir.1994) (high-level aide acted for George Schultz); *In Re North (Gadd Fee Application)*, 12 F.3d 252, 256 (D.C.Cir. 1994) (employee of General Second participated in "Enterprise"); *Dutton*, 11 F.3d at 1079 (same).

Garrett was in no way involved in the matters that sparked the independent counsel's investigation, i.e., the sales of arms to Iran and subsequent diversion of funds for the Contras. Rather, he was responsible for producing documents at the request of the independent counsel in connection with a related matter, the possible obstruction of a congressional investigation by Secretary Weinberger. Given the tangential and largely ministerial role played by Garrett, there was no reasonable likelihood that the independent counsel would focus his attention upon Garrett.

■ Nor did the independent counsel notify Garrett that he was a subject of investigation. *Cf. In Re North (Gardner Fee Application)*, 30 F.3d 143, 146 (D.C.Cir.1994); *In Re North (Schultz Fee Application)*, 8 F.3d 847, 850 (D.C.Cir.1993). Calling a witness to testify a second time before the grand jury to clarify his testimony does not reasonably indicate that the witness is a potential defendant.

The independent counsel's discussion of Garrett in his Final Report does not indicate that Garrett was a subject of investigation. The independent counsel wrote:

> Although Garrett's purported inability to recall anything about his efforts to obtain Weinberger's notes was sufficiently implausible to undermine Garrett's credibility, it would have been difficult to prove beyond a reasonable doubt that Garrett had intentionally perjured himself five years after writing his April 1987 memorandum. The evidence indicated that Garrett was not a witting accomplice in withholding Weinberger's notes from Congress.

Final Report of the Independent Counsel for Iran/Contra Matters 438.

Garrett argues that this passage indicates he was a subject of investigation. We are not convinced that the independent counsel's comments are anything more than a candid evaluation of Garrett's grand jury testimony. Nowhere does the Report mention an investigation into Garrett's activities, or that the independent counsel at any time contemplated filing charges against Garrett. In fact, the last sentence in the above-quoted passage indicates just the opposite—that the independent counsel's attention was upon Garrett but momentarily, and only in his capacity as a recalcitrant, and possibly incredible, grand jury witness.

Garrett points out that he "was caught in the vortex of an investigation which was unprecedented both in terms of its scope and intensity." We cannot accept this as a basis for awarding attorneys' fees. The purpose of the Act is to promote a vigorous and thorough investigation of criminal allegations by the independent counsel. A natural result of the statutory scheme is that those holding

positions of responsibility in government are likely to be interviewed by the independent counsel in the performance of his duties, either informally or before a grand jury.

■ Garrett occupied an important position in the Department of Defense and, moreover, was responsible for providing Department of Defense documents to the independent counsel. That the independent counsel eventually called Garrett to testify before the grand jury shows only that the independent counsel was performing his duties under the Act, not that Garrett was a subject of investigation.