Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed February 14, 2003

Division No. 94-2

IN RE: ALPHONSO MICHAEL (MIKE) ESPY
(KEARNEY FEE APPLICATION)

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Patricia Kearney for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Patricia Kearney for attorneys' fees that she incurred

during the investigation by Independent Counsel Donald C. Smaltz be denied.

> *Per curiam*
> For the Court:
> Mark J. Langer, Clerk
>
> by    Marilyn R. Sargent
>       Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE ¿DISTRICT OF COLUMBIA CIRCUIT

---

Filed February 14, 2003

Division No. 94-2

In Re: Alphonso Michael (Mike) Espy
(Kearney Fee Application)

---

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

---

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion of the Special Court filed *Per Curiam*.

*Per curiam*: Patricia Kearney petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $61,331.21 that she incurred during and as a result of the investigation conducted by Independent Counsel (IC or OIC) Donald C. Smaltz. Because we conclude that Kearney has not carried

---

Bills of costs must be filed within 14 days after entry of judgment. The court looks with disfavor upon motions to file bills of costs out of time.

her burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

## BACKGROUND

Donald C. Smaltz was appointed independent counsel in September 1994 to investigate allegations of improper gratuities received by Secretary of Agriculture Mike Espy from Tyson Foods, Inc., and other organizations and individuals having business before the U.S. Department of Agriculture. The investigation lasted several years and looked into, *inter alia*, violations regarding the provision of gifts and gratuities to USDA officials, the concealment of gratuities from federal investigators, and election law violations. Ultimately, the IC's investigation resulted in the indictment of nineteen individuals and business entities, thirteen of whom were convicted of criminal misconduct. One of those individuals was Richard Douglas, an executive and lobbyist for Sun–Diamond Growers of California. The IC obtained a conviction of Douglas for giving Espy gratuities, which was later overturned on venue grounds. Douglas subsequently pled guilty to false statements offenses involving the gratuities.

Patricia Kearney, the fee applicant here, is a former senior employee of the USDA who subsequently opened her own consulting company. She was also the girlfriend of Richard Douglas during the time period under investigation by the IC. As such, she was apparently present with Douglas and Espy during many of the incidents investigated by the IC. Kearney was questioned by the IC on her knowledge of these events and subsequently became a subject of the IC's investigation after the IC became aware of two questionable events: a sole-source contract that her consulting firm had with the USDA and her lobbying of the USDA with Douglas on a land swap transaction. Kearney was informed of her subject status in October 1996. She was not indicted, and in July 1997 was granted use immunity. She seeks reimbursement of $61,331.21 for fees incurred from September 1995 to July 1998.

**ANALYSIS**

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–81 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of [her] entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). Because we find that Kearney fails to satisfy the third requirement, known as the "but for" test, we need not address the remaining requirements.

\* \* \* \* \* \* \* \* \*

We have previously held that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989) (per curiam). And we have repeatedly observed that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].' " *In re North (Bush Fee Application),* 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *Dutton*, 11 F.3d at 1079). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those that she would have in-

curred as a result of an investigation by the Department of Justice. *In re Sealed Case*, 890 F.2d at 452–53. As we stated in *In re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C. Cir., Spec. Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities–'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'– then Congress did not contemplate the award of counsel fees." *Id.* at 1355 (quoting *Dutton*, 11 F.3d at 1080).

Nonetheless, we have found that petitioners qualify for an award of fees in the face of the but-for test in at least four circumstances:

> 1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice. *Dutton*, 11 F.3d at 1080; *In re Olson*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) (per curiam).

> 2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam).

> 3. When in the absence of the requirements of the Act " 'the case could have been disposed of at an early stage of the investigation,' " without subjecting the petitioner to the conditions that led to his incurring the fees sought. *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085, 1089 (D.C. Cir., Spec. Div., 1998) (per curiam) (quoting *In re Nofziger*, 925 F.2d at 438).

> 4. Not wholly distinct from category (3), *supra*, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private citizens would not [have been] investigated." *In re Nofziger*, 925 F.2d at 442; *accord Dutton*, 11 F.3d at 1080.

Kearney argues that in effect her case falls into categories (3) and (4). As to category (3), Kearney claims that her case

could have been disposed of at an early stage of the investigation in that "she was subjected to relentless interrogations and grand jury appearances, which appear unnecessary . . . . She should have been considered a witness and remained so, from the very outset in September 1995, at an early stage of the investigation, and not have been investigated as a subject." Furthermore, Kearney contends that "the interrogation and investigation of [her] expanded, and she was continually interrogated about the same subjects . . . . Therefore there are 'unique special factual features' that 'but for' the Act would have resulted in a quicker termination of the investigation as to her."

With respect to category (4), Kearney contends that in the Espy investigation high public officials or derivative subjects were investigated under the Act in circumstances where private citizens would not have been investigated. She claims that "[t]he U.S. Attorneys' office would not have consumed the time and attention to investigate Ms. Kearney, but rather . . . would have made her a witness from the outset. She would not have been made a subject, but for her intimate and personal relationships with Mr. Douglas and Mr. Espy." Citing to *In re Meese*, she argues that "[l]ike *Meese*, in which there was an extra rigorous application of the law by the OIC, the continual intensive investigation of Ms. Kearney over a period exceeding three years was likewise an extraordinary, rigorous treatment and investigation by the OIC."

Additionally, Kearney argues strongly that she should be reimbursed for her attorneys' fees because her status was changed from witness to subject. She states that she "should only have been a witness, and that absent the zeal and unlimited funding of the OIC, she would have been interviewed as a witness once or twice and appeared before the grand jury only once." She likens her case to *In re North (Schultz Fee Application)*, 8 F.3d 847, 851 (D.C. Cir., Spec. Div., 1993) (per curiam), where the Court found that "it is not reasonable to expect that a professional prosecutor, as opposed to an independent counsel under the Act, would have been making subjects out of persons theretofore treated as witnesses four and one-half years after the commencement of

an investigation." Kearney claims that "[s]imilarly, [she] could well have been justified in thinking that she was merely a witness in September 1995 when first contacted by OIC investigators. And like Mr. Schultz . . . she was transformed into a subject over two years after the OIC began its investigation." She states in conclusion that "[w]ith the OIC, Ms. Kearney became a subject, and but for the reach and zeal of the OIC should not have been one. Thus she incurred legal fees of an extraordinary amount, for which she should be reimbursed."

In their evaluations of her fee application, both the Independent Counsel and the Department of Justice question whether Kearney satisfies the "but for" requirement. The IC contends that Kearney argues only that she was investigated more vigorously than she would have been by a U.S. Attorney and that this is not sufficient; she instead has to show that the special limitations and procedures of the Act forced her to incur legal costs that she otherwise would not have incurred. The IC cites to *In re North (Regan Fee Application)*, 72 F.3d 891 (D.C. Cir., Spec. Div., 1995) (per curiam), and *Reagan*, 94 F.3d at 685, for the proposition that just because the allegations in question would not have been investigated in the specific fashion of the independent counsel does not mean that the "but for" requirement is satisfied.

Additionally, the IC states that "[a]s a result of her proximity to the events under investigation, Kearney almost certainly would have been a witness, regardless of the degree to which the investigating authority was interested in her activities and regardless of who was doing the investigating." The IC notes that Kearney had been awarded a sole-source USDA contract in possible violation of federal contracting laws or regulations, and that Kearney along with Douglas had direct involvement in lobbying Espy concerning a questionable transaction known as the Elsmere land swap.

After considering Kearney's fee application and the IC's and the DOJ's evaluations, we find that Kearney does not fulfill the "but for" requirement. In the course of arguing otherwise, Kearney substantially relies on the rigor of the

investigation conducted by the Independent Counsel. She states that only an independent counsel would have repeatedly questioned her and that only an independent counsel would have made her a subject. But as this Court stated in *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1360 (D.C. Cir., Spec. Div., 1999) (per curiam), "[w]e have repeatedly held ... that subjects of an independent counsel investigation do not automatically meet the 'but for' test simply because the investigation was conducted by an independent counsel under the Act." In *In re North (Garrett Fee Application)*, 46 F.3d 1192, 1194 (D.C. Cir., Spec. Div., 1995) (per curiam), the fee petitioner also argued that he was eligible for reimbursement of attorneys' fees because he was caught in an independent counsel investigation that was "unprecedented both in terms of its scope and intensity." The Court stated that it could not "accept this as a basis for awarding attorneys' fees. The purpose of the Act is to promote a vigorous and thorough investigation of criminal allegations by the independent counsel." *Id.* And the Court has noted elsewhere that such a vigorous and thorough investigation may indeed increase the costs to subjects of independent counsel investigations in contrast to the costs that would have been incurred in a similar investigation conducted outside the Act, but that Congress had not made allowance for reimbursement of such inherent costs of independent counsel investigations. *See Nofziger*, 925 F.2d at 445.

Furthermore, it does not appear to be the case that, as claimed by Kearney, "only the OIC would have been so relentless in its investigation of [her]." Kearney asks the question, "would a prosecutor, not an OIC, have made the same exhaustive repeated investigations of Ms. Kearney?" In this particular, Kearney's application is analogous to the various fee applicants in the independent counsel proceeding directed toward former Secretary of Housing and Urban Development Samuel Pierce. *See In re Pierce*, 213 F.3d 713 (D.C. Cir., Spec. Div., 2000) (per curiam). In dealing with those applications, we noted that "evidence of fundamental corruption of a federal housing program and such crimes as perjury, bribery, and obstruction of justice ... would have

been investigated for a significant period of time by any professional or politically appointed public prosecutor." *Id.* at 718. Just so here.

The independent counsel was appointed to investigate credible allegations of corruption. The investigation produced evidence, and indeed probable cause, to believe that a cabinet secretary had received, and a businessman had paid, illegal gratuities. In the absence of the Act, the DOJ would in all probability have investigated Espy for allegedly receiving gratuities and Douglas for allegedly giving them. And there appears to be no reason why the DOJ would not have investigated Kearney in the same manner as the IC. She herself states that she had "intimate and personal relationships with Douglas and Mr. Espy," and "was present with Douglas and Espy at many of the incidences investigated." To paraphrase *Nofziger*, there appears to be nothing in the record or in the circumstances of Kearney's alleged offenses that indicates that the Department of Justice, if freed of the restrictions of the Act, would have subjected her to a lesser investigation. *See Nofziger*, 925 F.2d at 439.

## CONCLUSION

The petition of Patricia Kearney for reimbursement of attorneys' fees is denied for failure to comply with the "but for" requirement of 28 U.S.C. § 593(f)(1).