Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

Filed May 9, 2003

Division No. 94-2

IN RE: ALPHONSO MICHAEL "MIKE" ESPY
(DEMPSEY FEE APPLICATION)

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges.*

## ORDER

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Patricia Dempsey for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Patricia Dempsey for attorneys' fees she incurred

during the investigation by Independent Counsel Donald C. Smaltz be denied, save for a single unique item.

*PER CURIAM*

For the Court:

Mark J. Langer, Clerk


By:

Marilyn R. Sargent

Chief Deputy Clerk

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

Filed May 9, 2003

Division No. 94–2

In Re: Alphonso Michael "Mike" Espy
(Dempsey Fee Application)

---

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

---

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed *Per curiam*.

*Per curiam*: Patricia Dempsey petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $96,863.23 that she incurred during and as a result of the investigation conducted by Independent Counsel (IC or OIC) Donald C. Smaltz. Because we conclude that Dempsey has not carried her burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition, save for a single unique item.

## BACKGROUND

Donald C. Smaltz was appointed independent counsel in September 1994 to investigate allegations of improper gratuities received by Secretary of Agriculture Mike Espy from Tyson Foods, Inc. and other organizations and individuals having business before the U.S. Department of Agriculture. The investigation lasted several years and looked into, *inter alia*, violations regarding the provision of gifts and gratuities

to USDA officials, the concealment of gratuities from federal investigators, and election law violations. Ultimately, the IC's investigation resulted in the indictment of 19 individuals and business entities, 13 of whom were convicted of criminal misconduct. Patricia Dempsey, the fee applicant here, was Espy's girlfriend during the time period for which he was under investigation. As such, according to the IC, "Dempsey was, at a minimum, a percipient witness to many of the events under investigation by the OIC." It also appears that she was a subject of the IC's investigation from early on because many of the gifts at issue in the investigation were given, in whole or in part, to her. She was not indicted, and in July 1997 was granted use immunity. She seeks reimbursement of $96,863.23 for fees incurred from October 1994 to April 2001.

## ANALYSIS

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–81 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of [her] entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). Because we find that Dempsey fails to satisfy the third requirement, known as the "but for" test,

we need not address the remaining requirements.

\* \* \* \* \* \* \* \* \* \*

We have previously stated that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989) (per curiam). And we have repeatedly observed that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *Dutton*, 11 F.3d at 1079). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those that she would have incurred as a result of an investigation by the Department of Justice. *In re Sealed Case*, 890 F.2d at 452–53. As we stated in *In re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C. Cir., Spec. Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities–'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'– then Congress did not contemplate the award of counsel fees." *Id*. at 1355 (quoting *Dutton*, 11 F.3d at 1080).

Nonetheless, we have found that petitioners qualify for an award of fees in the face of the but-for test in at least four circumstances:

> 1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice. *Dutton*, 11 F.3d at 1080; *In re Olson*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) (per curiam).
>
> 2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam).
>
> 3. When in the absence of the requirements of the Act " 'the case could have been disposed of at an early stage

of the investigation,' " without subjecting the petitioner to the conditions that led to his incurring the fees sought. *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085, 1089 (D.C. Cir., Spec. Div., 1998) (per curiam) (quoting *In re Nofziger*, 925 F.2d at 438).

4.   Not wholly distinct from category (3), *supra*, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private citizens would not [have been] investigated." *In re Nofziger*, 925 F.2d at 442; *accord Dutton*, 11 F.3d at 1080.

Dempsey argues in effect that her case falls into categories (3) and (4), i.e., that she would not have been investigated in the absence of the Act, and that she was subjected to a more rigorous application of the criminal law than she would have been in the absence of the Act.

First, Dempsey claims that she satisfies the "but for" requirement in that she would not have been investigated in the absence of the Act because DOJ's Public Integrity Section had concluded that no investigation was necessary. She notes that Public Integrity began an initial investigation after receiving information about alleged gratuities given to Espy, and that at the time of Public Integrity's investigation the independent counsel statute had lapsed and was not in effect. Dempsey claims that Public Integrity "according to published reports, had determined that the matter was not worthy of further investigation under normal Department of Justice standards," but that shortly before this determination could be finalized by the DOJ, the independent counsel statute was reauthorized, leading to a determination by DOJ "that it had to apply the very strict standards of the Independent Counsel Act instead of normal Department of Justice standards." Dempsey further claims that "the main issue in dispute in the allegations against Secretary Espy was his intent," that the preliminary investigation had revealed no evidence of illegal intent by Espy, and that therefore "in the absence of the Act, it appears clear that the Department of Justice was ready to close this matter without further investigation."

Dempsey consequently rests her argument for passing the "but for" test "on the established precedent of this Court that where an independent counsel is appointed to investigate a subject despite the Public Integrity Section's recommendation to the contrary, the 'but for' requirement is, *a fortiori*, satisfied." For authority, she cites to *In re Olson (Perry Fee Application)*, 892 F.2d 1073, 1074 (D.C. Cir., Spec. Div., 1990) (per curiam), in which the court found the "but for" requirement satisfied because Public Integrity had recommended that the case not be prosecuted and therefore "Perry was being subjected to expenses that he would not have been subjected to in the absence of the [Act]." Dempsey also relies on *In re Segal (Sagawa Fee Application)*, 151 F.3d at 1089, where the "but for" requirement was satisfied because the AG had stated in her application requesting appointment of an IC that "the Department of Justice would in all likelihood exercise its discretion to decline to prosecute this case as a criminal matter." Dempsey concludes that in her case "[it] was only because of the operation of the strictures of the Act, in particular the restriction exercising prosecutorial discretion and evaluating intent, that further investigation had to be sought."

Dempsey further argues that she satisfies the "but for" requirement because the IC's investigation went far beyond the originally intended scope, lasting for almost seven years, and "examined in detail Ms. Dempsey's business and personal relations." She analogizes her case to both *In re Meese*, 907 F.2d 1192, 1201 (D.C. Cir., Spec. Div., 1990) (per curiam), in which the court held the "but for" test satisfied, stating that "[t]he investigation continued for 14 months and was broadened far beyond any investigation contemplated by the initial referral," and *In re Sealed Case*, 890 F.2d at 453–54, where the "but for" element was also satisfied because the applicant's tax returns were examined for a period of nine years thus subjecting him to a more rigorous application of the criminal law than is applied to other citizens. Dempsey concludes that in her case "[i]t is improbable that an investigation of such breadth and scope would have been undertaken 'but for' the Act."

As for Dempsey's first "but for" argument that she would not have been investigated in the absence of the Act, the Independent Counsel contends that the present case differs from both *Perry* and *Sagawa*, the two cases Dempsey relies on, in that in those cases the Attorney General, in the application for the appointment of an independent counsel, specifically mentioned misgivings about requesting the appointment. Here, notes the IC, "unlike in *Perry*, the Attorney General did *not* state in her application that the Public Integrity Section had fully investigated the matter and decided not to recommend prosecution." Instead, the Assistant Attorney General for the Criminal Division rejected Public Integrity's initial recommendation, and directed that the investigation be handled pursuant to the Act, after which the AG applied to the Court for the appointment of an independent counsel. The IC also notes that in *Sagawa* the Attorney General specifically stated in her application to the Court that "the Department of Justice would in all likelihood exercise its discretion to decline to prosecute this case," 151 F.3d at 1089, whereas here the Attorney General specifically noted in her application that the investigation had uncovered "potential violations by Secretary Espy."

In further contrast to *Perry* and *Sagawa*, the IC points out that those independent counsel investigations "involved instances where the independent counsel ultimately joined in the DOJ's conclusion and declined the matter," but in this case the independent counsel ultimately obtained a number of indictments and convictions.

The IC goes on to note that the Public Integrity Section's recommendation not to pursue the matter was in part based upon false information that Dempsey herself had given to federal investigators. The IC avers that "[t]he purpose of the Act's fee provision is to buffer innocent individuals from extraordinary expense attributable to the Act's arcane mechanism, not to reward parties involved in the matters under investigation for misleading law enforcement officials."

As for Dempsey's claim that she was subjected to a more rigorous application of the law, the IC argues that Dempsey

offers no proof of this claim but only the conclusory, and inadequate, assertion that the length of the investigation demonstrated its unreasonableness. The IC contends that Dempsey's receipt of substantial gifts from persons attempting to influence the Secretary of Agriculture's decision-making fully warranted investigation, and that moreover the IC's investigation of her "did not arise solely from her relationship with Espy, but also directly from her false statements to the FBI in an effort to conceal Espy's wrongdoing," and that such a crime "is not uniquely related to the Act."

The Department of Justice also questions whether Dempsey satisfies the "but for" requirement. Concerning the initial recommendation by Public Integrity not to pursue the matter, the DOJ states that "only a portion of the facts that were ultimately uncovered was known at the time," and that fuller disclosure "revealed a more substantial pattern of gift-giving than was initially apparent." The DOJ points out (as did the IC) that Public Integrity investigators could not make a full assessment of the facts because of false and misleading statements made to them.

The DOJ is also in agreement with the IC that Dempsey cannot favorably compare her case to *Sagawa*, because in that case the AG had stated that if left to the DOJ that agency would have declined prosecution, and that "[h]ere, in contrast, there was no such representation by the Attorney General, and the investigation ultimately resulted in a number of indictments and criminal convictions." Given that the IC's investigation ultimately uncovered significant criminal misconduct, the DOJ argues that this case is more like the investigation of former HUD Secretary Samuel R. Pierce, in which some of the attorneys' fees applicants also argued that the Public Integrity Section had initially recommended against prosecution. The DOJ notes that in rejecting that argument the Court explained that the suggestion that Public Integrity's view would have prevailed was speculative in that in the end the Independent Counsel uncovered pervasive and high level corruption. *See, e.g., In re Pierce (Pierce Fee Application)*, 213 F.3d 713, 718 (D.C. Cir. Spec. Div., 2000) (per curiam).

After consideration of Dempsey's fee application and the IC's and DOJ's evaluations, we find that Dempsey does not fulfill the "but for" requirement. In claiming that she satisfies the "but for" test, Dempsey first argues in effect that there was no substance to the initial allegations of gratuities being given to Espy, that this is supported by Public Integrity's initial determination of no further investigation, and that it was only because of the independent counsel statute that further investigation was undertaken. Taking the last point first, in *In re Pierce (Olivas Fee Application)*, 178 F.3d at 1355, this Court noted that "[w]e have repeatedly held that subjects of an independent counsel investigation do not automatically meet the but for test simply because the investigation was conducted by an independent counsel under the Act. If the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel—then Congress did not contemplate the award of counsel fees. *In Re North (Dutton Fee Application)*, 11 F.3d at 1080."

Citing to *Perry*, Dempsey nevertheless argues that Public Integrity's initial recommendation shows that this investigation would not have been handled by the DOJ or other executive authority. In *Perry*, the Court noted that Public Integrity's "no prosecution" decision was sufficient evidence to show that the fee applicant was being subjected to an investigation that would not have occurred in the absence of the independent counsel act. 892 F.2d at 1074. But here, as both the IC and the DOJ point out, Public Integrity's determination was based in part on false information given by Dempsey, and it is highly probable, given the seriousness of the allegations, that once these falsehoods were uncovered, a full investigation would have been undertaken by the DOJ absent the independent counsel statute.

Regarding Dempsey's second "but for" argument that the IC's investigation was lengthy, went far beyond its original scope, and examined her life in detail, this Court was faced with a similar argument in *In re Herman (Weaver Fee*

*Application)*, 301 F.3d 648 (D.C. Cir., Spec. Div., 2002) (per curiam). In that case the fee petitioner also relied on *Meese* and *In re Sealed Case* in arguing that she passed the "but for" test because the independent counsel's investigation was lengthy and probing. We noted there that *Meese* was not germane because in that case the fee petitioner was subjected to a rigorous investigation as the original investigation had been expanded in the extreme and no preliminary investigation had been conducted prior to referral of the Meese matter to the independent counsel, whereas in *Weaver* neither of these conditions were present. *Id.* at 653. And they are not present here either.

We further noted in *Weaver* that *In re Sealed Case* was also not germane because in that case the Court stated that the "but for" element was satisfied because an ordinary investigation would have been less probing, whereas in *Weaver* the seriousness of the allegations would have been just as thoroughly investigated by the DOJ absent the Act. *Id.* at 654. We are confronted with the same situation here. As we noted in a fee petition case involving this same investigation, *see In re Espy (Kearney Fee Application)*, 319 F.3d 526 (D.C. Cir., Spec. Div., 2003) (per curiam), and as we reemphasize now, Independent Counsel Smaltz "produced evidence, and indeed probable cause, to believe that a cabinet secretary had received, and a businessman had paid, illegal gratuities. In the absence of the Act, the DOJ would in all probability have investigated Espy for allegedly receiving gratuities and [the businessman] for allegedly giving them." *Id.* at 531.

But although Dempsey was not investigated by the IC differently than she would have been otherwise, in the absence of the Act she would not have incurred fees for review and response to the IC's final report. Section 594 of the Act requires that the independent counsel "file a final report with the division of the court, setting forth fully and completely a description of the work of the independent counsel…." 28 U.S.C. § 594(h)(1)(B). Absent the Act, federal "prosecutors do not issue reports." *In re North*, 16 F.3d 1234, 1238 (D.C. Cir., Spec. Div., 1994) (per curiam). Indeed, as we have observed before, "[t]he filing of reports by Independent

Counsels is 'a complete departure from the authority of a United States Attorney' and is 'contrary to the practice in federal grand jury investigations.'" *Id.* (quoting *In re Sealed Motion*, 880 F.2d 1367, 1369–70 (D.C. Cir., Spec. Div., 1989) (per curiam)). Therefore, we hold that the amount of $3,371.25 in reasonable attorneys' fees that Dempsey incurred for reviewing and responding to the IC's final report is reimbursable.

## CONCLUSION

For the reasons set forth above, we allow in part the petition of Patricia Dempsey to the extent of ordering reimbursement for attorneys' fees in the amount of $3,371.25. We deny the balance of the petition as not meeting the "but for" requirement of the Act, 28 U.S.C. § 593(f)(1).