# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed February 3, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(CABE FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Gloria B. Cabe for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq*. (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Gloria B. Cabe for attorneys' fees that she incurred during the Independent Counsel's investigation be denied.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk
By:
Marilyn R. Sargent
Chief Deputy Clerk

# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed February 3, 2006

Division No. 94-1

IN RE: MADISON GUARANTY SAVINGS & LOAN
(CABE FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges*.

### ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed PER CURIAM.

PER CURIAM: Gloria B. Cabe petitions this Court under the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 593(f) (the Act), for reimbursement of attorneys' fees in the amount of $28,135.57 that she claims were incurred during and as a result of the investigation conducted by independent counsel. Because we conclude that Cabe has not carried her burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

## Background

In 1990 William Jefferson Clinton was running for reelection as Governor of Arkansas. To this end, the Clinton for Governor campaign opened an account at the Perry County Bank ("PCB") in Perryville, Arkansas. One of the two signatories for the account was Gloria B. Cabe, Clinton's gubernatorial campaign manager and the fee petitioner here. During 1990 the campaign made two cash withdrawals from the account in excess of $10,000; PCB, however, did not file currency transaction reports with the Internal Revenue Service for either withdrawal as required by law.

In 1994 this failure to file became known to regulatory special counsel Robert Fiske, who was at that time conducting a criminal investigation in Arkansas. Prosecutors assigned to Fiske's office began looking into the two transactions, interviewing individuals involved, including Cabe. When the investigation was turned over to Kenneth W. Starr after he was appointed statutory independent counsel later in 1994, Cabe was called on several occasions to testify before the grand jury. On one of these occasions she refused to testify, asserting her right against self-incrimination; consequently, she was given an immunity order compelling her testimony. Although several other individuals involved in the matter were indicted, Cabe was not.

Pursuant to § 593(f)(1) of the Act, Cabe now petitions the court for reimbursement of attorneys' fees in the amount of $28,135.57 that she claims were incurred during and as a result of the Independent Counsel's investigation.

**Discussion**

Unique in the criminal law of the United States, the Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam). Therefore, the Act provides reimbursement only for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). Although there are several minor areas of contention among the parties as to Cabe's eligibility for reimbursement, the one major issue is whether or not she has satisfied the "but for" requirement.

As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989)

(per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452-53 (citing S. REP. NO. 97-496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")).

As we have stated, "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application)*, 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C. Cir., Spec. Div., 1993) (per curiam)). In part this is so because the element requires a petitioner to prove a negative–one with a high component of speculation. In part, though, it is difficult because the law contemplates that it should be difficult and that such fees will not be a common thing. *In re Olson*, 884 F.2d 1415, 1420 (D.C. Cir., Spec. Div., 1989) ("The court is admonished to award reimbursement for attorneys' fees 'in only rare instances' for 'extraordinary expenses,' 'sparingly'. . . .") (quoting S. Rep. 97-496, 97th Cong., 2d Sess. 19 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3555). As we stated above, the contemplation of the legislation is not that subjects of independent counsel investigations will be reimbursed for all legal fees, but only that they will be reimbursed for those legal fees that would not have been incurred by a similarly-situated subject investigated in the absence of the Act.

Cabe argues that in the absence of the Act, the investigation of her by the Office of Independent Counsel Kenneth Starr

(hereinafter "IC" or "OIC") would have been terminated much sooner, *see, e.g., In re Pierce (Abrams Fee Application)*, 190 F.3d 586, 592 (D.C. Cir., Spec. Div., 1999), and consequently her need for legal counsel would have been significantly diminished. In support of this argument, Cabe claims that the OIC refused to provide to her attorney specific details about the information sought from her, refused to interview her in the presence of her attorney, and refused to interview her subject to a "no direct use" letter. According to Cabe, "[s]uch arrangements are a common DOJ [Department of Justice] tool for gaining witness information, working with potential cooperating individuals, and revising or confirming status determinations," but the OIC had informed Cabe's attorney that it was their "policy not to engage such tactics." Cabe further claims that the OIC attorneys conducting the grand jury proceedings "bellowed at her, derided her answers . . . and asserted that she was lying," and "subjected [her] to repeated intemperate outbursts." She asserts that this "was not conduct one would or should expect of DOJ prosecutors," and that "[i]n an ordinary DOJ investigation . . ., prosecutors likely would have pursued any one of a number of means of eliciting her knowledge, refreshing her recollection and employing her to the limits of her utility as a witness . . . ." Instead, the OIC prosecutors "chose to antagonize and alienate" her and elicited answers from her in the grand jury only for "the predominant purpose of challenging her veracity."

The Independent Counsel, in evaluating Cabe's fee application, takes issue with her argument that if the DOJ had handled the matter the investigation would have been conducted differently. First, the IC argues that not only would the DOJ have investigated the matter, but that in fact it did investigate, as it was the original investigating agency under regulatory counsel Fiske. Second, the IC notes that Cabe's first two interviews were conducted in the summer of 1994, during the time when

Fiske, and thus the DOJ, was conducting the investigation. And the IC goes on to note that the prosecutors who conducted the investigation of this matter under IC Starr were in fact the same DOJ prosecutors who had conducted the investigation under regulatory counsel Fiske. The IC maintains that in light of these facts Cabe cannot plausibly contend that, had the investigation remained within the jurisdiction of the Department of Justice, the prosecutors would have behaved any differently.

In its evaluation the DOJ also asserts that Cabe does not pass the "but for" test. To begin, the DOJ notes that when IC Starr assumed jurisdiction of this matter there was in fact an ongoing Justice Department investigation of the failure of the 1990 Clinton gubernatorial campaign to file currency transaction reports. And the DOJ further notes that this investigation led to indictments of several individuals. With respect to Cabe's specific arguments, the DOJ contends that "[e]ssentially, she claims that because she was treated antagonistically as a potential subject rather than cooperatively as a witness, the 'but for' test is met." According to the DOJ, "[t]his claim is meritless, as the status of an applicant as a subject or a witness is not and has never been relevant to the 'but for' inquiry," and under Cabe's reasoning any subject would by necessity meet the "but for" test.

**Analysis**

In her petition, Cabe is apparently claiming that she fulfills the "but for" requirement because an investigation of the matter by the Department of Justice instead of an independent counsel would have resulted in a different outcome for her. But as both the IC and the DOJ argue, in all probability the DOJ in the absence of the Act would have conducted an investigation very similar to the one actually conducted by the IC. And even if Cabe could show that the DOJ would have conducted a different

investigation, this is of no consequence concerning the "but for" requirement. In *In re Espy (Kearney Fee Application)*, 319 F.3d 526 (D.C. Cir., Spec. Div., 2003)(per curiam), the fee applicant argued in a similar fashion that she fulfilled the "but for" requirement because only an independent counsel would have repeatedly questioned her and only an independent counsel would have made her a subject. In rejecting that argument, we cited *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1360 (D.C. Cir., Spec. Div., 1999)(per curiam), in which it was noted that "[w]e have repeatedly held . . . that subjects of an independent counsel investigation do not automatically meet the 'but for' test simply because the investigation was conducted by an independent counsel under the Act." *Kearney*, 319 F.3d at 530-31. Indeed, this Court instead has noted elsewhere that

> attorneys' fees are to be awarded to those who have incurred the fees not because of the Act itself (and therefore the appointment of the independent counsel *per se)*, but because of the *requirements* of the Act. *In re Nofziger*, 925 F.2d 428, 445 (D.C. Cir., Spec. Div., 1991). And *requirements* "refers to the special limitations and procedures established by the Act," *e.g.,* the two-step investigatory procedure by the Attorney General and the restrictions on the Attorney General in complying with that procedure, *id. . . . .*

*In re Pierce (Olivas Fee Application)*, 178 F.3d 1350, 1355 (D.C. Cir., Spec. Div., 1999) (per curiam)(emphases in original). Cabe is therefore not eligible for reimbursement of attorneys' fees as she has made no claim that any of the special limitations or procedures established by the Act caused her to incur the attorneys' fees sought.

## Conclusion

The petition of Gloria Cabe for reimbursement of attorneys' fees is denied for failure to satisfy the "but for" requirement of the Act.