**In re Oliver L. NORTH (Watson Fee Application).**

**Division No. 86–6.**

United States Court of Appeals, District of Columbia Circuit.

(Division for the Purpose of Appointing Independent Counsels Ethics in Government Act of 1978, as Amended).

Sept. 13, 1994.

Before SENTELLE, Presiding, and BUTZNER and SNEED, Senior Circuit Judges.

## ORDER

PER CURIAM.

This matter coming on to be heard and being heard before the Special Division of the Court, upon the application of Samuel J. Watson for reimbursement of attorneys' fees under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599, and it appearing to the Court for the reasons more fully set forth in the opinion filed contemporaneously herewith, that the motion is not well taken, it is hereby

ORDERED, ADJUDGED and DE-CREED that the petition of Samuel J. Watson for attorneys' fees he incurred during the investigation by Independent Counsel Lawrence E. Walsh be denied in its entirety.

Opinion for the Special Court filed PER CURIAM.

PER CURIAM:

█ Pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (the Act), Colonel Samuel J. Watson, a former deputy national security advisor to then-Vice President George Bush, requests reimbursement for $18,100.00 in attorneys' fees incurred as a result of the Iran/Contra investigation conducted by Inde-

pendent Counsel Lawrence E. Walsh. The Act authorizes this court to reimburse the "subject" of an Independent Counsel investigation against whom no indictment is brought for "reasonable attorneys' fees incurred ... during th[e] investigation which would not have been incurred but for the requirements of [the Act]." 28 U.S.C. § 593(f)(1). Because Watson's attorney did not submit contemporaneous time records to support the application, we disallow Watson's petition in its entirety.

## BACKGROUND

On December 19, 1986, this court appointed Independent Counsel Walsh "to investigate ... alleged violations of federal criminal laws ... in connection with the sale or shipment of military arms to Iran and the transfer or diversion of funds realized in connection with such sale or shipment." *In re North (Shultz Fee Application)*, 8 F.3d 847, 849 (D.C.Cir.1993) (per curiam). Col. Watson served as a deputy national security advisor to then-Vice President George Bush during the time that the events constituting the substantive basis of the Iran/Contra matter took place. By virtue of his position, Watson acted as a cooperating witness in the Independent Counsel investigation in 1987.

On August 3, 1990, the Independent Counsel asked Watson to communicate with him. Watson then retained Jacob Stein, of the Washington, D.C. firm Stein, Mitchell, and Mezines, as counsel. On September 28, 1990, the Independent Counsel expressly advised Watson that he was a "subject" of that investigation. Watson then made a series of appearances before a federal grand jury. No indictment was brought against Watson.

Believing that Watson would have difficulty paying his legal bills in full, Stein devised a rather unique billing system. Stein did not maintain contemporaneous records of the time he incurred representing Watson. Instead, he allowed Watson to record the time that they spent together on the case. At the conclusion of the Iran/Contra investigation, Stein billed Watson for that time at a slightly discounted hourly rate. Watson, in turn, has petitioned this court for reimbursement of these fees under the Act.

## DISCUSSION

To recover attorneys' fees under the Act, Watson must establish that he incurred such fees while he was a "subject" of the Independent Counsel investigation, that no indictment was brought against him, that he would not have incurred fees "but for the [Act's] requirements," and that the fees were reasonable. 28 U.S.C. § 593(f)(1). We need consider only the requirement of reasonableness.

■ By necessity, assessing the reasonableness of attorneys' fees includes evaluating the reasonableness of attorney time expended. *See In re Meese*, 907 F.2d 1192, 1201 (D.C.Cir.1990) (per curiam). In order to enable such an evaluation to take place, "[a]ttorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *In re Donovan*, 877 F.2d 982, 994 (D.C.Cir.1989) (per curiam) (quoting *National Ass'n of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1326 (D.C.Cir.1982)).

Here, Watson's attorney has not produced, nor did he even maintain, any contemporaneous records reflecting the work he performed on his client's behalf. Instead, he relied on Watson's records of the time they spent together, which Watson constructed from his appointment calendar. The resulting lack of detail is palpable but not surprising. Watson's application is replete with vague references to the time and subject matter of his meetings with Stein, and even he concedes that the duration of each meeting is only an estimate. " '[C]asual after-the-fact estimates of time expended on a case are insufficient to support an award of attorneys' fees.' " *Donovan*, 877 F.2d at 994 (quoting *National Ass'n of Concerned Veterans*, 675 F.2d at 1326). We cannot begin to evaluate the reasonableness of attorney time expended. We therefore must deny the petition *in toto*.

Watson observes that in previous cases this court has disallowed only a portion of attorneys' fees based on insufficient supporting detail. *See, e.g., Meese*, 907 F.2d at 1204

(disallowing ten percent of fee petition based on inadequate documentation). The attorneys in *Meese* maintained and submitted contemporaneous records of the time they expended, even though some entries were inadequate. *See id.* Watson's attorney maintained no contemporaneous record at all. This failure is controlling.

█ Moreover, Watson appears not to owe his attorney the fees for which he seeks reimbursement. In a statement submitted to this court by Col. Watson and his attorney, Jacob A. Stein, Esq., they stated: "It is and was the understanding of Col. Watson and his counsel that Col. Watson would pay for legal services when his personal circumstances permit such payment." Apparently Col. Watson's "personal circumstances" presently do not permit payment of fees; therefore, he is not obligated to pay such fees. This arrangement does not satisfy the Act's requirement that fees be "incurred" by the applicant. *See* 28 U.S.C. § 593(f).

We therefore hold that Watson cannot recover attorney fees under the Act. Stein's generosity toward his client is commendable, but it is not reimbursable. Accordingly, we deny Watson's petition.

*Judgment accordingly.*