### In re Samuel R. PIERCE, Jr. (Olivas Fee Application).

### Division No. 89–5.

United States Court of Appeals, District of Columbia Circuit.

June 22, 1999.

Before: SENTELLE, Presiding, FAY and CUDAHY, Senior Circuit Judges.

Opinion for the Special Court filed PER CURIAM.

### O R D E R

PER CURIAM:

This matter coming to be heard and being heard before the Special Division of the Court upon the petition of Ernest Olivas, Jr. for reimbursement of attorneys' fees and costs pursuant to Section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Ernest Olivas, Jr. for attorneys' fees he incurred during the investigation by Independent Counsels Arlin M. Adams and Larry D. Thompson be denied.

### ON APPLICATION FOR ATTORNEYS' FEES

Ernest Olivas, Jr. petitions this court under Section 593(f) of the Ethics in Gov-

ernment Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (1994) (the "Act"), for reimbursement of attorneys' fees in the amount of $14,555.76, which he incurred during and as a result of the investigation conducted by Independent Counsels ("IC") Arlin M. Adams and Larry D. Thompson. Because we conclude that Olivas has not carried his burden of showing that the fees would not have been incurred but for the requirements of the Act, we deny the petition in its entirety.

## Background

In 1978 Congress established the moderate rehabilitation ("mod rehab") program within the U.S. Department of Housing and Urban Development ("HUD"). This program encouraged developers to upgrade moderately substandard housing units for occupation by low income families. In 1988 HUD's Inspector General conducted an audit of the mod rehab program as administered from 1984 through 1988, and found that the program was not being administered efficiently, effectively, or economically. The Inspector General's audit report triggered congressional investigations into abuses, favoritism, and mismanagement at HUD during the 1980's under the tenure of HUD Secretary Samuel R. Pierce, Jr. Based on information elicited during these congressional investigations, the House Judiciary Committee wrote to Attorney General Richard Thornburgh seeking the appointment of an independent counsel to investigate the matter. Following a preliminary investigation, Attorney General Thornburgh applied to this court for appointment of an independent counsel. On March 1, 1990, we appointed former United States Circuit Judge Arlin Adams[1] as independent counsel "to investigate ... whether Samuel R. Pierce, Jr., and other [HUD] officials may have committed the crime of conspiracy to defraud the United States or any other Federal crimes ... relating to the administration of the selection process of the Department's Moderate Rehabilitation Program from 1984 through 1988." Order Appointing Independent Counsel, March 1, 1990.

The IC conducted a comprehensive investigation ultimately confirming a widespread pattern of corruption at HUD during Pierce's tenure. Although the IC announced on January 11, 1995, that he would not seek indictment of Pierce, during the course of the investigation seventeen (17) other persons were charged with and convicted of federal crimes as a result of the IC's investigation. That investigation and the indictments ranged well beyond the core facts of the original application for appointment of independent counsel. Of particular reference to the petitioner before us, in 1992 the IC began an investigation of HUD funding of two subsidiaries of Communications International Inc. ("CII"), whose former senior vice president was then-Treasurer of the United States, Catalina Villalpando. Ernest Olivas, the fee petitioner here, was assistant to Villalpando when she was at CII. In furtherance of this investigation, the IC served a subpoena on Villalpando for documents relating to the CII subsidiaries. After receiving the subpoena, Villalpando contacted Olivas, who was by then the local office manager at CII, and directed him to destroy and/or conceal certain documents responsive to the subpoena. Villalpando eventually pled guilty to an obstruction of justice charge for directing Olivas to destroy the documents.

Contemporaneous with the IC's investigation of Villalpando was a separate U.S. Department of Justice ("DOJ") investigation of her for irregularities in her receipt of financial benefits from CII while she was Treasurer. During this investigation, the DOJ had placed a wiretap on Villalpando's phone and picked up the conversation between her and Olivas concerning destruction of the documents. The DOJ notified the IC, who began an investigation of

---

**1.** Independent Counsel Adams resigned in May of 1995. This Court appointed his deputy, Mr. Larry D. Thompson of the Atlanta bar to succeed him.

Olivas for destroying and/or concealing the documents and thus interfering with an ongoing grand jury investigation. However, the IC subsequently "decided, on the basis of considerations such as time, resources and the other matters under investigation, not to bring charges against Mr. Olivas." Independent Counsel's Evaluation of Olivas Fee Application ("IC Eval.") at 6.

The IC's investigation is now complete. Pursuant to the statute, the IC submitted a final report to this Court on March 30, 1998. *See* 28 U.S.C. § 594(h)(1)(B). We ordered the report made public by order of October 27, 1998. Thereafter, Olivas, pursuant to Section 593(f)(1) of the Act, petitioned this court for reimbursement of his attorneys' fees. As directed by Section 593(f)(2) of the Act, we forwarded copies of Olivas's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

### Analysis

Unique in the criminal law structure of the United States, the Ethics in Government Act provides for reimbursement of attorneys' fees expended by subjects in defense against an investigation under the Act. Specifically, 28 U.S.C. § 593(f)(1) states:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

■■■ Because the Act "constitutes a waiver of sovereign immunity it is to be strictly construed." *In re Nofziger*, 925

F.2d 428, 438 (D.C.Cir., Spec. Div., 1991) (per curiam). Therefore, the Act provides only reimbursement for attorneys' fees that survive an elemental analysis determining whether the petitioner is the "subject" of the independent counsel's investigation, incurred the fees "during" that investigation, and would not have incurred them "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C.Cir., Spec. Div., 1996) (per curiam). In their analysis of Olivas's application, both the IC and the DOJ conclude that Olivas has met the "subject" and "during" requirements. We agree. However, we also agree with both evaluations that Olivas has not carried his burden of establishing that he would not have incurred the fees "but for" the requirements of the Ethics in Government Act.

■■■ As we have held, "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement of" the Act. *In re Sealed Case*, 890 F.2d 451, 452 (D.C.Cir., Spec. Div., 1989) (per curiam). The purpose of awarding only fees that would not have been incurred "but for" the Act is to ensure that "officials [and here derivative 'subjects'] who are investigated by independent counsels will be subject only to paying those attorneys' fees that would normally be paid by private citizens being investigated for the same offense by" federal executive officials such as the United States Attorney. *Id.* at 452–53 (citing S.REP. No. 97–496, 97th Cong., 2d Sess. 18 (1982), *reprinted in* 1982 U.S.C.C.A.N. 3537, 3554 (referring to "fees [that] would not have been incurred in the absence of the special prosecutor [independent counsel] law")).

As we have stated "the most difficult element for a fee applicant to establish under the act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush*

*Fee Application)*, 59 F.3d 184, 188 (D.C.Cir., Spec. Div., 1995) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C.Cir., Spec. Div., 1993) (per curiam)). In part this is so because the element requires a petitioner to prove a negative and one with a high component of speculation. In part, though, it is difficult because the law contemplates that it should be difficult, that such fees will not be a common thing. As we stated above, the contemplation of the legislation is not that subjects of independent counsel investigations will be reimbursed for all legal fees, but only that they will be reimbursed for those legal fees that would not have been incurred by a similarly-situated subject investigated in the absence of the Act.

Nonetheless, we have found that petitioners qualify for an award of fees in the face of the but-for test in at least four (4) circumstances:

1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice. *In re Olson*, 884 F.2d 1415, 1420 (D.C.Cir., Spec. Div., 1989); *In re North (Dutton Fee Application)*, 11 F.3d at 1080 (per curiam).

2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." *In re Nofziger*, 925 F.2d at 438 (citing *In re Meese*, 907 F.2d 1192 (D.C.Cir., Spec. Div., 1990) (per curiam)).

3. When in the absence of the requirements of the Act " 'the case could have been disposed of at an early stage of the investigation,' " without subjecting the petitioning subject to the conditions that led to his incurring the fees sought. *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085, 1089 (D.C.Cir., Spec. Div., 1998) (per curiam) (quoting *In re Nofziger*, 925 F.2d at 438).

4. Not wholly distinct from No. 3, *supra*, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private citizens would not [have been] investigated." *In re Nofziger*, 925 F.2d at 442; *In re North (Dutton Fee Application)*, 11 F.3d at 1080.

Olivas fits none of the four categories. Granted, these categories are not exhaustive, and probably could not be, given the "fact-specific nature of each independent counsel's undertakings." *In re North (Dutton Fee Application)*, 11 F.3d at 1080. Nonetheless, if Olivas is to establish his entitlement under the Act he must establish some sort of "unique special factual features that but for the requirement of the Act would have permitted a quick termination" of the investigation or otherwise not have subjected him to the fees for which he petitions. *In re Nofziger*, 925 F.2d at 439. Though striving mightily, he falls short.

There can be no serious argument that Olivas's claim fits in either of the first two categories previously identified by the Court. As to the first, the Independent Counsel's investigation ranged far beyond the preliminary investigation not only in depth but breadth. The matters investigated as to Olivas are far beyond anything in the preliminary investigation. He cannot fit category one. As to category two there is neither allegation nor evidence of the Department's failure to comply with substantial protective features and thereby pretermit the investigation that cost Olivas his counsel fees. He cannot fit this category either. Therefore, in order to establish eligibility for counsel fees under the "but for" test, Olivas must either put his facts within category three or four or otherwise establish the necessary unique special features. This he has not done.

In his submissions to the Court, Olivas has repeatedly advanced a *post hoc ergo propter hoc* rationalization, claiming that he is entitled to an award of attorneys' fees because had there been no IC investigation of Villalpando, then his activities allegedly obstructing it would not have

been an issue for investigation; in other words, that the IC investigation itself led to the incurrence of Olivas's attorneys' fees. But as the Independent Counsel points out, if we were to allow reimbursement under this line of reasoning then "virtually every person investigated by the Independent Counsel for potentially criminal conduct would satisfy the 'but for' requirement of the Act." IC Eval. at 10. We have repeatedly held that subjects of an independent counsel investigation do not automatically meet the "but for" test simply because the investigation was conducted by an independent counsel under the Act. If the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—"had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel"—then Congress did not contemplate the award of counsel fees. *In Re North (Dutton Fee Application)*, 11 F.3d at 1080. We have found this requirement to be met where, as in *Dutton*, among other cases, the independent counsel has treated as criminal acts that would not have been investigated by a political or professional attorney in the Department of Justice. Similarly, in *Segal*, we awarded fees where the investigation would have been terminated by a political or professional Department of Justice attorney without the incurrence of the fees sought. 151 F.3d at 1089. Olivas's fees reflect no such unique claim. We cannot hold that the Attorney General and other investigative authorities would not have pursued allegations of corruption as deep and widespread as those revealed by the Independent Counsel's investigation had there been no such Act. Nor is it in any way apparent that such an Executive Branch investigation would not have raised just as much occasion for obstruction by Villalpando and Olivas as did the IC's.

■ Indeed, as we have formulated previously, attorneys' fees are to be awarded to those who have incurred the fees not because of the Act itself (and therefore the appointment of the independent counsel *per se*), but because of the *requirements* of the Act. *In re Nofziger*, 925 F.2d at 445. And *requirements* "refers to the special limitations and procedures established by the Act," *e.g.*, the two-step investigatory procedure by the Attorney General and the restrictions on the Attorney General in complying with that procedure, *id.*, which we discern as having no bearing on Olivas's situation here. Investigation and potential prosecution of Olivas by the IC for destruction and/or concealment of documents responsive to a grand jury subpoena "does not satisfy the 'but for' requirement since it is a type of prosecution that is not uniquely related to the Act." *In re North (Corr Fee Application)*, 56 F.3d 261, 264 (D.C.Cir., Spec. Div., 1995) (per curiam). Therefore, absent some showing not made by Olivas, we cannot say that the fees would pass the "but for" test.

Olivas also advances the slightly more sophisticated argument that the IC's investigation generated the subpoenas that were the foundation for the acts of obstruction by Ms. Villalpando which he in turn was investigated for having aided and abetted or having participated in a conspiracy to commit. Again, given the allocation of the burden, *see In Re North (Reagan Fee Application)*, 94 F.3d at 690, we cannot say that this rather convoluted reasoning takes Olivas's claim outside the category of those fees that would have been incurred defending against investigation by an executive agency even in the absence of the Act.

## Conclusion

The petition of Ernest Olivas, Jr. for reimbursement of attorneys' fees is denied for failure to comply with the "but for" requirement of 28 U.S.C. § 593(f)(1).