Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed August 15, 2003

———

Division No. 94-2

IN RE: ALPHONSO MICHAEL "MIKE" ESPY
(BLACKLEY FEE APPLICATION)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: SENTELLE, *Presiding*, FAY and REAVLEY, *Senior Circuit Judges.*

**O R D E R**

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Ronald Blackley, Jr. for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the petition is not well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the petition of Ronald Blackley, Jr. for attorneys' fees he incurred

during the investigation by Independent Counsel Donald C. Smaltz be denied.

*Per Curiam*

For the Court:
Mark J. Langer, Clerk

By:

Marilyn R. Sargent
Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed August 15, 2003

———

Division No. 94-2

In Re: Alphonso Michael "Mike" Espy
(Blackley Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

———

## ON APPLICATION FOR ATTORNEYS' FEES

Opinion for the Special Court filed *Per curiam*.

*Per curiam*: Ronald Blackley, Jr. petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $25,827.49 that he claims to have incurred during and as a result of the investigation conducted by Independent Counsel Donald C. Smaltz (hereinafter IC or OIC). Because we conclude that Blackley, Jr. has not carried his burden of showing that the fees were incurred by him and would not have been incurred but for the requirements of the Act, we deny the petition.

## BACKGROUND

Donald C. Smaltz was appointed independent counsel in September 1994 to investigate allegations of improper gratuities received by Secretary of Agriculture Mike Espy from Tyson Foods, Inc., and other organizations and individuals having business before the U.S. Department of Agriculture (USDA). The investigation lasted several years and looked into, *inter alia*, violations regarding the provision of gifts and gratuities to USDA officials, the concealment of gratuities from federal investigators, and election law violations. Ultimately, the IC's investigation resulted in the indictment of 19 individuals and business entities, 13 of whom were convicted of criminal misconduct. Espy was indicted on 39 counts for, *inter alia*, accepting gifts in violation of his obligations as a public official.

Ronald Blackley, Jr., the fee petitioner here, is the son of Espy's former chief of staff, Ronald Blackley, Sr. While investigating Espy on allegations of receiving improper gratuities from persons subject to regulation by the USDA, the IC looked into the case of a Mississippi farmer who had allegedly received preferential treatment from the USDA through the efforts of Blackley, Sr. The farmer's spouse subsequently sent Blackley, Jr. a check for $1000 as a high school graduation present. When called before the grand jury by the IC, Blackley, Jr. at first denied receiving the check but later testified that it was possible that he had received such a gift. The IC then advised him that he was a subject of investigation regarding possible perjury. He was never indicted.

Blackley, Jr., pursuant to section 593(f)(1) of the Act, has now petitioned this court for reimbursement in the amount of $25,827.49 for the attorneys' fees he claims to have incurred during the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Blackley, Jr.'s fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

## DISCUSSION

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show, *inter alia*, that he "incurred" the fees being sought for reimbursement and that the fees would not have been incurred "but for" the requirements of the Act. The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec. Div., 1996) (per curiam). For the reasons stated below, we find that Blackley, Jr. fails to establish the "incurred by" and "but for" elements and is therefore not entitled to an attorneys' fees award.

### A. "Fees Incurred By"

Both the IC and the DOJ argue as a preliminary matter that Blackley, Jr. is not eligible for an award of fees because it was his father and not he who was liable for the fees. Both note that it was Blackley, Sr. who entered into the fee arrangement to provide for his son's legal services, and that all the invoices submitted for reimbursement were addressed to Blackley, Sr. The Act states that this Court "upon the request of an individual . . . may . . . award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation." 28 U.S.C. § 593(f)(1). The IC and the DOJ both cite to Special Division cases for the proposition that under this provision of the Act an individual may not seek reimbursement for fees which he has no obligation to pay. *See In re North (Langton and Mason Fee Application)*, 32 F.3d 609 (D.C. Cir., Spec. Div., 1994) (per

curiam); *In re North (Watson Fee Application)*, 32 F.3d 607 (D.C. Cir., Spec. Div., 1994) (per curiam); *In re North (Gadd Fee Application)*, 12 F.3d 252 (D.C. Cir., Spec. Div., 1994) (per curiam); *In re Olson*, 884 F.2d 1415 (D.C. Cir., Spec. Div., 1989) (per curiam); *In re Donovan*, 877 F.2d 982 (D.C. Cir., Spec. Div., 1989) (per curiam). The DOJ argues that the fees "appear to have been wholly incurred by his father," while the IC concludes that "Blackley, Jr. has never paid a fee and has no legal liability for the fees and expenses incurred."

We find that the IC and the DOJ are correct in arguing that Blackley, Jr. is not entitled to reimbursement of attorneys' fees expended in his defense in this matter because the fees were not, pursuant to the Act, "incurred by" him. The first sentence of the retainer agreement between Blackley, Sr. and the provider of the legal services states that "*Ron Blackley, Sr. . . .* hereby retains the services of the Jacobovitz Law Firm . . . to provide legal services for *Ron Blackley, Jr.*" Furthermore, all of the invoices were addressed to Blackley, Sr. In *In re Donovan*, 877 F.2d 982, 991 (D.C. Cir., Spec. Div., 1989), the Court, in reference to the Act, stated that "[w]e interpret . . . the term 'incurred' to mean actual fees which the subject paid or for which he is liable." *See also In re Olson*; *In re North (Gadd Fee Application)*, 12 F.3d at 255 ("an individual seeking fees must have actually paid the fees or be legally liable for them."). There is no evidence presented by Blackley, Jr. showing either that he paid the fees or that he was legally liable to do so. Therefore he is not entitled to any fee reimbursement.

B. Fees Not Incurred "But For" the Requirements of the Act

We have previously held that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989) (per curiam). And we have repeatedly observed that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush*

*Fee Application),* 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *In re North (Dutton Fee Application)*, 11 F.3d 1075, 1079 (D.C. Cir., Spec. Div., 1993) (per curiam)). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those that he would have incurred as a result of an investigation by the Department of Justice. *In re Sealed Case*, 890 F.2d at 452–53. As we stated in *In re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C. Cir., Spec. Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities–'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'–then Congress did not contemplate the award of counsel fees." *Id.* at 1355 (quoting *Dutton*, 11 F.3d at 1080).

Nonetheless, we have found that petitioners qualify for an award of fees in the face of the but-for test in at least four circumstances:

> 1. When the independent counsel's investigation substantially constituted duplication of the preliminary investigation conducted by the Department of Justice. *Dutton*, 11 F.3d at 1080; *In re Olson*, 884 F.2d at 1420.
>
> 2. When the petitioning subject has been "prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act." *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991) (per curiam).
>
> 3. When in the absence of the requirements of the Act " 'the case could have been disposed of at an early stage of the investigation,' " without subjecting the petitioner to the conditions that led to his incurring the fees sought. *In re Segal (Sagawa Fee Application)*, 151 F.3d 1085, 1089 (D.C. Cir., Spec. Div., 1998) (per curiam) (quoting *In re Nofziger*, 925 F.2d at 438).
>
> 4. Not wholly distinct from category (3), *supra*, when "high public officials [or derivative subjects] were investigated under the Act in circumstances where private

citizens would not [have been] investigated." *In re Nofziger*, 925 F.2d at 442; *accord Dutton*, 11 F.3d at 1080.

Blackley, Jr. argues in effect that his case falls into categories (1) and (4), i.e., that the IC's investigation was duplicative of the prior investigations of the DOJ and that he was investigated in circumstances where a private citizen would not have been.

*Investigation duplication.* Without further explanation Blackley, Jr. asserts that the "but for" requirement is satisfied in his case because "the independent counsel's investigation was duplicative in many respects to the prior investigations of the Department of Justice, which had declined prosecution of Blackley Sr. The testimony elicited from Blackley Jr. before the OIC grand jury and at trial was similar, in nature, to prior investigations."

In his evaluation, the IC points out that Blackley, Jr. mentions nothing about the investigations that he claims the IC duplicated. The IC does note that the IG's office of both the USDA and the USAID investigated Blackley, Sr. prior to the IC, but that these were not "preliminary investigations" under the Act, and in any event these investigations had to do with Blackley Jr.'s father, not with him. Consequently, the IC argues that Blackley, Jr. cannot claim that he incurred duplicative expenses because of duplication of investigations.

We have in the past awarded fees when the independent counsel's investigation constituted a substantial duplication of the preliminary investigation of the DOJ. *See In re Olson*, 884 F.2d at 1420 (IC's investigation "necessarily duplicated ground that had been covered by the preliminary investigation of the Department of Justice"); *In re Perry*, 892 F.2d 1073, 1074 (D.C. Cir., Spec. Div., 1990) (fee applicant "was being subjected to expenses for a duplicative investigation that he would not have been subjected to in the absence of the Ethics in Government Act"). But we have specifically held that it is only duplication of the preliminary investigation by the DOJ that merits fee reimbursement, and so duplication by the IC of other investigations is not relevant to this issue. *See In re Pierce (Sanders Fee Application)*, 198 F.3d

899, 904 (D.C. Cir., Spec. Div., 1999) (per curiam), and *In re Pierce (Seligman Fee Application)*, 201 F.3d 473, 476 (D.C. Cir., Spec. Div., 2000) (per curiam). Consequently, although Blackley, Jr. argues that the "but for" requirement is satisfied here because "the independent counsel's investigation was duplicative in many respects to the prior investigations of the Department of Justice," there is no evidence that the IC's investigation was duplicative of the DOJ's preliminary investigation, and therefore the "but for" requirement has not been satisfied.

*Investigated where private citizen would not have been.* Blackley, Jr. also argues that his case fulfills the "but for" requirement because his father

> as a high public official, was investigated in a circumstance where a private citizen would not have been . . . . He had already been investigated previously. This is a category of conduct that was only examined because of the fact that the OIC was interested in high-ranking officials. . . . The threat of being a "subject" with the ramifications of a possible indictment was a situation that a private citizen would likely not have encountered because of the nature of the investigation. Thus, Blackley Jr. incurred these extraordinary expenses when a private citizen would not have.

Concerning this argument that a private citizen would not have been investigated as Blackley, Sr. was, the IC states that "Blackley, Jr. became a subject because he was suspected of having lied to the grand jury that was investigating his father – a fact that has no relationship whatsoever to the strictures of the Act or his father's status." Citing to *In re Pierce (Kisner Fee Application)*, 178 F.3d 1356, 1361 (D.C. Cir., Spec. Div., 1999), the IC asserts that "investigations premised on perjury or obstruction of an independent counsel's investigation are ones that do not meet the 'but for' test. This is so because perjury and obstruction are crimes 'not uniquely related to the Act.'"

The DOJ notes in its evaluation that the burden is on the fee applicant to demonstrate that his case satisfies the "but for" prerequisite and that Blackley, Jr. has not done so. The

DOJ further notes that the IC's investigation uncovered significant misconduct, and suggests that it would have investigated this matter in the absence of the Act.

We agree with the IC and the DOJ that Blackley, Jr. has not satisfied the "but for" element here. Blackley, Jr. appears to be arguing that his father was investigated only because the IC had been appointed to look into misconduct at the USDA, and that if the IC had not been so appointed then neither his nor his father's conduct would have been investigated. First, we were recently confronted with a similar argument in another fee petition concerning the IC's investigation. *See In re Espy (Kearney Fee Application)*, 319 F.3d 526 (D.C. Cir., Spec. Div., 2003) (per curiam). In finding that that fee petitioner had not satisfied the "but for" requirement, we noted that Independent Counsel Smaltz "produced evidence, and indeed probable cause, to believe that a cabinet secretary had received, and a businessman had paid, illegal gratuities. In the absence of the Act, the DOJ would in all probability have investigated Espy for allegedly receiving gratuities and [the businessman] for allegedly giving them." *Id.* at 531. And in all probability Blackley, Sr., as Espy's chief of staff, and consequently Blackley, Jr., would have been similarly investigated by the DOJ as well.

Second, Blackley, Jr.'s lying to a federal grand jury is conduct that is routinely investigated by the federal authorities. In *Kisner*, the fee applicant was also investigated for lying to a grand jury (as well as to the Congress). We stated in that case that "[i]nvestigation and potential prosecution of Kisner by the IC for perjury does not satisfy the 'but for' requirement since it is a type of prosecution that is not uniquely related to the Act." 178 F.3d at 1361 (citation and internal quotation marks omitted). Consequently, the investigation of Blackley, Jr. for perjury also does not satisfy the "but for" requirement.

## CONCLUSION

The petition of Ronald Blackley, Jr. for reimbursement of attorneys' fees is denied for failure to comply with the

"incurred by" and "but for" requirements of 28 U.S.C. § 593(f)(1).