Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed October 21, 2003

———

Division No. 94-2

In Re: Alphonso Michael "Mike" Espy
(Townsend Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

## O R D E R

This matter coming to be heard and being heard before the Special Division of the Court upon the application of Wardell C. Townsend, Jr., for reimbursement of attorneys' fees and costs pursuant to section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. § 591 *et seq.* (2000), and it appearing to the court for the reasons set forth more fully in the opinion filed contemporaneously herewith, that the motion is in part well taken, it is hereby

**ORDERED, ADJUDGED,** and **DECREED** that the United States reimburse Wardell C. Townsend, Jr., for attorneys' fees and expenses that he incurred during the investigation

by Independent Counsel Donald C. Smaltz in the amount of
$7,221.50.

*PER CURIAM*
For the Court:
Mark J. Langer, Clerk

By:

Marilyn R. Sargent
Chief Deputy Clerk

Notice: This opinion is subject to formal revision before publication in the Federal Reporter or U.S.App.D.C. Reports. Users are requested to notify the Clerk of any formal errors in order that corrections may be made before the bound volumes go to press.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Filed October 21, 2003

———

Division No. 94-2

In Re: Alphonso Michael "Mike" Espy
(Townsend Fee Application)

———

Division for the Purpose of
Appointing Independent Counsels
Ethics in Government Act of 1978, As Amended

———

Before: Sentelle, *Presiding*, Fay and Reavley, *Senior Circuit Judges*.

## ON APPLICATION FOR ATTORNEYS' FEES

*Per curiam*: Wardell C. Townsend, Jr. petitions this Court under section 593(f) of the Ethics in Government Act of 1978, as amended, 28 U.S.C. §§ 591–599 (2000) (the Act), for reimbursement of attorneys' fees in the amount of $16,649.21 that he incurred during and as a result of the investigation conducted by Independent Counsel Donald C. Smaltz (hereinafter IC or OIC). Because we find that Townsend has established his entitlement under the statutory criteria for reimbursement of a portion of the fees we will, for the reasons set forth more fully below, allow recovery of $7,221.50.

## Background

Donald C. Smaltz was appointed independent counsel in September 1994 to investigate allegations of improper gratuities received by Secretary of Agriculture Mike Espy from Tyson Foods, Inc., and other organizations and individuals having business before the U.S. Department of Agriculture (USDA). The investigation lasted several years and pursued, *inter alia*, allegations of illegal gifts and gratuities to USDA officials, the concealment of gratuities from federal investigators, and election law violations. Ultimately, the IC's investigation resulted in the indictment of 19 individuals and business entities, 13 of whom were convicted of criminal misconduct. Espy was indicted on 39 counts for, *inter alia*, accepting gifts in violation of his obligations as a public official, but was acquitted on all counts.

Immediately prior to becoming Secretary of Agriculture, Espy served in the Congress. During that time his brother Thomas was his campaign manager and acting campaign treasurer. Between 1990 and 1992 Thomas Espy allegedly embezzled approximately $95,000 of Espy's campaign funds. Upon becoming aware of this situation in March 1992, Espy informed his brother that these funds had to be replaced. Thomas Espy then set up a sham real estate deal with his brother-in-law as a way to replace the funds. Wardell C. Townsend, Jr., the fee petitioner here, was Espy's chief of staff in Congress. Espy appointed him as assistant campaign treasurer to monitor the progress of the sham real estate deal. Over the next two years, the Espy for Congress campaign filed 12 separate reports with the Federal Election Commission. These reports allegedly concealed the missing funds, with Townsend participating in their preparation and filing.

The OIC uncovered the foregoing events during its investigation of Espy for alleged gratuities violations and wanted to present to the grand jury several possible criminal charges against Espy, his brother Thomas, and Townsend. The DOJ, however, took the position that these alleged crimes were not within the OIC's original jurisdictional grant, i.e., acceptance

of gratuities by Espy, and opposed the OIC's petition to this court to refer the allegations to the OIC as matters related to its jurisdiction. We agreed and denied the OIC's petition. *In re Espy*, 145 F.3d 1365 (D.C. Cir., Spec. Div., 1998) (per curiam). Although the OIC then referred the matter to the DOJ for prosecution, no further action was forthcoming.

Pursuant to section 593(f)(1) of the Act, Townsend has now petitioned this court for reimbursement of the attorneys' fees in the amount of $16,649.21 that he incurred during the IC's investigation. As directed by section 593(f)(2) of the Act, we forwarded copies of Townsend's fee petition to the Attorney General and the IC and requested written evaluations of the petition. The court expresses its appreciation to the IC and the Attorney General for submitting these evaluations, which we have given due consideration in arriving at the decision announced herein.

### Discussion

The Independent Counsel statute provides:

> Upon the request of an individual who is the subject of an investigation conducted by an independent counsel pursuant to this chapter, the division of the court may, if no indictment is brought against such individual pursuant to that investigation, award reimbursement for those reasonable attorneys' fees incurred by that individual during that investigation which would not have been incurred but for the requirements of this chapter.

28 U.S.C. § 593(f)(1). Accordingly, in order to obtain an attorneys' fees award under the statute, a petitioner must show that all of the following requirements are met: 1) the petitioner is a "subject" of the investigation; 2) the fees were incurred "during" the investigation; 3) the fees would not have been incurred "but for" the requirements of the Act; and, 4) the fees are "reasonable." *See In re North (Dutton Fee Application)*, 11 F.3d 1075, 1077–82 (D.C. Cir., Spec. Div., 1993) (per curiam). The petitioner "bears the burden of establishing all elements of his entitlement." *In re North (Reagan Fee Application)*, 94 F.3d 685, 690 (D.C. Cir., Spec.

Div., 1996) (per curiam). There appears to be little dispute that Townsend was a "subject" of the investigation or that his fees were incurred "during" the investigation. We will therefore limit our discussion to the "but for" and "reasonable" requirements.

\* \* \* \* \* \* \* \* \* \*

### "**But for**"

We have previously held that "[a]ll requests for attorneys' fees under the Act must satisfy the 'but for' requirement." *In re Sealed Case*, 890 F.2d 451, 452 (D.C. Cir., Spec. Div., 1989) (per curiam). And we have repeatedly observed that "[t]he most difficult element for a fee applicant to establish under the Act is that the fees 'would not have been incurred but for the requirements of [the Act].'" *In re North (Bush Fee Application),* 59 F.3d 184, 188 (D.C. Cir., Spec. Div., 1995) (per curiam) (quoting *Dutton*, 11 F.3d at 1079). In order to establish eligibility for an award, the fee applicant must show that the amounts claimed are only those fees and expenses above and beyond those he would have incurred as a result of an investigation by the DOJ. *In re Sealed Case*, 890 F.2d at 452–53. As we stated in *In Re Pierce (Olivas Fee Application)*, 178 F.3d 1350 (D.C. Cir., Spec. Div., 1999) (per curiam), "[i]f the investigative act generating the defensive costs would, in the absence of the Act, have been pursued by other authorities—'had the case been handled by the Department of Justice or other executive authorities rather than the Independent Counsel'—then Congress did not contemplate the award of counsel fees." *Id.* at 1355 (quoting *Dutton*, 11 F.3d at 1080).

In arguing that he fulfills the "but for" test, Townsend cites to *In re Nofziger*, 925 F.2d 428, 438 (D.C. Cir., Spec. Div., 1991), for the proposition that the "but for" test is satisfied when "the subject is prejudiced by the Department of Justice's failure to comply with the substantial protective features of the Act . . . ." He implies that this occurred in his case because "a matter is investigated by an Independent Counsel only when there has been a determination by the

Attorney General 'that there are reasonable grounds to believe that further investigation is warranted . . . ,' " and that no such conclusion was made with respect to the IC's investigation of him. He cites *In re Mullins* (*Berry Fee Application)*, 91 F.3d 1516 (D.C. Cir., Spec. Div., 1996) (per curiam); *In re Meese*, 907 F.2d 1192 (D.C. Cir., Spec. Div., 1990) (per curiam); and *In re Sealed Case* as instances where the "but for" test was satisfied because "the Attorney General ha[d] not made a determination of 'reasonable grounds.' " Townsend sums up this argument by claiming that "he did not receive the protections of the statute that would have ensured the existence of reasonable grounds to warrant an investigation before he had to engage counsel. . . ."

Townsend further argues that he passes the "but for" test because the IC investigated this particular matter only to pressure Espy with respect to a previous indictment of him. According to Townsend, "the principal reason for investigating this matter and doing so without jurisdiction was to affect Mr. Espy's deliberations with respect to a pre-trial disposition of a pending case" and that as such Townsend "was part of a pre-trial strategy of the sort not typically engaged in by the Department of Justice."

In his evaluation the IC asserts that the "but for" element is not satisfied in this situation. He argues that in each of the three cases relied on by Townsend "the Attorney General launched an independent counsel investigation of the fee applicant in circumstances in which the record clearly indicated that the DOJ would not have proceeded with an investigation of its own." The IC posits that under these cases "there must be affirmative evidence that the DOJ would not investigate the individual" and that there is no such evidence in Townsend's case.

The IC acknowledges that the Attorney General in fact did not make a "reasonable grounds" determination of possible allegations against Townsend before the IC investigated him, but argues that the Attorney General could not make such a determination "because the facts behind [the allegations] were unknown to her when the Espy matter was before her." Citing *In re North (Dutton Fee Application)*, 11 F.3d at 1080,

and *In re Nofziger*, 938 F.3d 1397, 1401 (D.C. Cir., Spec. Div., 1991) (per curiam), the IC avers that "[t]he question before this Court is whether the DOJ would have investigated Townsend if it had been acting in place of the Independent Counsel." The IC argues that the answer to this question is "yes" because there was a large and suspicious cash payment to Espy's campaign fund after he became Secretary of Agriculture and Townsend was assistant treasurer of that fund. The IC claims that "[i]t is extremely unlikely that the DOJ, had it been acting in the place of the Independent Counsel, would have deemed these matters unworthy of investigation."

The IC also claims that there is "no merit" to Townsend's argument that the investigation of him was part of a pre-trial strategy by the IC. The IC argues that it was his duty, and that it would have been the DOJ's duty had it been charged with this investigation, to look into the cash donation to Espy's campaign fund while he was Secretary of Agriculture.

For its part, the DOJ somewhat agrees with Townsend, stating in its evaluation that Townsend's argument that he satisfies the "but for" requirement because the IC's investigation of him was unrelated to the IC's core jurisdiction "may have some merit" as the DOJ urged this Court not to agree to the IC's referral request.

### "**Reasonable**"

Both the IC and the DOJ point out that the attorneys' billing entries accompanying Townsend's fee petition are not sufficiently detailed for a full award. The IC asserts that the billing summaries do "not, in most instances, identify the subject matter of the various conversations and activities undertaken by counsel." He notes that in the past the court has reduced fee awards by various percentages for inadequate documentation of the billing records. *See In re Pierce (Abrams Fee Application)*, 190 F.3d 586, 594 (D.C. Cir., Spec. Div., 1999) (per curiam) (10% reduction); *In re North (Gardner Fee Application)*, 30 F.3d 143, 147–48 (D.C. Cir., Spec. Div., 1994) (per curiam) (10% reduction); *In re North (Gadd Fee Application)*, 12 F.3d at 257 (30% reduction). Because of the degree of inadequacy of the billing entries here, the IC submits "that a reduction at some level greater than 10% may

be appropriate." Likewise, the DOJ argues that "[n]early all" of the billing entries are insufficiently detailed "to allow a full and proper assessment of the claimed reasonableness of counsel's representation."

**Analysis**

In considering the above "but for" arguments of the parties, we note that we have previously held that the suspicious circumstances that gave rise to the investigation of Espy and his ultimate indictment for receiving gratuities would have resulted in investigation and prosecution even in the absence of the Act. *See, e.g., In re Espy (Blackley Fee Application)*, 338 F.3d 1036 (D.C. Cir., Spec. Div., 2003) (per curiam); *In re Espy (Kearney Fee Application)*, 319 F.3d 526 (D.C. Cir., Spec. Div., 2003) (per curiam). It would further appear to be the case that a professional or politically appointed prosecutor would have uncovered the evidence concerning Townsend's probable involvement in what appeared to be a possible further gratuity (and turned out to be concealment of embezzlement). Such a prosecutor, therefore, would have proceeded with the investigation so that Townsend would have incurred counsel fees even in the absence of the Act.

Nevertheless, it is also the case that the IC wanted to investigate this matter further and therefore applied to us for authority to do so. *See In re Espy*, 145 F.3d at 1366–67. While this does not refute our prior conclusion that there would have been an investigation of this matter even in the absence of the Act, it would appear to support a conclusion that the investigation would have been less extensive, and possibly of shorter duration, resulting in less burdensome attorneys' fees for Townsend than was the case in the presence of the Act. To this limited extent Townsend has satisfied the "but for" element.

As for the "reasonable" requirement, we agree with the IC and the DOJ that the vast majority of the billing entries inadequately describe the work performed. As we have held previously, adequate documentation of legal work performed is a necessary ingredient for the reimbursement of attorneys' fees, *see In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir., Spec.

Div., 1990) (per curiam), and inadequate documentation "makes it impossible for the court to verify the reasonableness of the billings, either as to the necessity of the particular service or the amount of time expended on a given legal task." *In re Sealed Case*, 890 F.2d at 455. In prior cases we have imposed reductions of the final fee award for similar insufficiencies, *see, e.g., In re North (Gardner Fee Application),* 30 F.3d at 147–48; *In re Meese,* 907 F.2d at 1204, and we will likewise impose a reduction here.

We will also make a deduction for the total amount of $2,206.21 in expenses that Townsend seeks for reimbursement. As Townsend points out, this amount is principally associated with the production of thousands of pages of documents in response to a grand jury subpoena. As the subpoena was issued at the very beginning of the IC's investigation of Townsend, when the circumstances seemed to suggest that this matter involved another gratuity to Espy, it would appear that these expenses would have been incurred even in the event of a less extensive investigation.

Taking all of the above into consideration, we will make a partial award of attorneys' fees to Townsend. We first deduct all of the requested expenses, and then make a reduction of 50% on the remainder to reflect the limited extent to which Townsend has satisfied the "but for" requirement as well as the inadequacy of the billing records.

### Conclusion

Townsend seeks reimbursement for attorneys' fees in the amount of $16,649.21. In accordance with the analysis set forth above, we will make the following deductions from this amount:

1. $2,206.21 for expenses.

2. 50% reduction reflecting the limited fulfillment of the "but for" requirement as well as the inadequacy of the billing records.

For the reason set forth above, it is ordered that Townsend be awarded $7,221.50 in reasonable attorneys' fees and expenses.