**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 2, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TRUGREEN COMPANIES, LLC, a
Delaware limited liability company;
TRUGREEN LIMITED
PARTNERSHIP, a Delaware limited
partnership,

      Plaintiffs - Appellees,

v.

MOWER BROTHERS, INC., a Utah
corporation; KEVIN D. BITTON,
d/b/a Scotts Lawn Service, a Utah
entity; GREENSIDE, LLC, a Utah
limited liability company; KEVIN D.
BITTON; JEAN ROBERT BABILIS;
RYAN MANTZ; JASON HILLER;
LARY GAYTHWAITE; JIM
LEBLANC; JAMES CLOGSTON;
RICK DEERFIELD; DAVID
STEPHENSEN; DAVID VAN
ACKER; MATT WALKER;
SHANNON CHRISTENSEN; PAUL
BROWER; JAMES MURRAY;
RICHARD COFFMAN; TAMMY
ROEHR; JESSICA SPENCER;
MARGIE SMITH; ALFREDA
EGBERT; JASON BECK,
individually,

      Defendants - Appellants.

No. 13-4105
(D.C. No. 1:06-CV-00024-BSJ)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent except under the

                          (continued...)

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

Back in 2006 TruGreen managers felt betrayed when a handful of employees left to work for a rival lawn care company. TruGreen sued, charging its former employees with breaching their employment contracts. In the end, the company lost that claim and the victorious former employees — some based in Idaho, others in Utah — asked the court to order the company to pay their attorney fees and expenses. As these things go, the parties managed to consume as many years litigating that collateral question as they had the merits. When the dust finally settled, the district court decided to award $14,822 in fees to the Idaho defendants but nothing to the Utah employees. Now the employees ask us to overturn that decision and return the case to the district court for still more proceedings. That much we find we cannot lawfully do.

We begin with the Utah employees' argument that the district court should've awarded them attorney fees and expert expenses. The argument runs this way. Under the parties' employment contract, TruGreen retained the right to seek "reimburse[ment]" from its employees for "all attorneys' fees and costs

---

*(...continued)

doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

incurred by [the company] in enforcing any of its [contractual] rights or remedies." As written, of course, this provision benefitted only the company and not the employees. But as the employees rightly note, Utah's reciprocal fee statute turns the parties' contract from a one-way into a two-way street. Under the statute, *both* parties receive the benefit of any fee- and cost-shifting provision appearing in their contract — transforming patently one-sided deals like TruGreen's into bilateral ones instead. *See* Utah Code Ann. § 78B-5-826 (2012); *Giusti v. Sterling Wentworth Corp.*, 201 P.3d 966, 980-81 (Utah 2009). In this way, the Utah employees submit, they were entitled to their attorney fees and expert costs and the district court erred by failing to recognize as much.

The problem the employees face is this. Utah's statute ensures *only* that both sides receive the benefit of a contractual fee-shifting provision — beyond guaranteeing reciprocity, the law doesn't create any new rights. In other words, each party's right to recover is the inverse of the other's, no more and no less. *See, e.g.*, *PC Crane Serv., LLC v. McQueen Masonry, Inc.*, 273 P.3d 396, 407-08 (Utah Ct. App. 2012); *Hooban v. Unicity Int'l, Inc.*, 285 P.3d 766, 768 (Utah 2012). And, as the district court explained, reading the contract at issue in this way still doesn't help the employees' cause. By its plain terms, the contract allows only *reimbursement* of fees and costs *incurred*. Meanwhile, under a deal the employees penned with their new employer, *that* company assumed sole liability for all of the employees' litigation fees and costs. So it is that, as a

matter of plain language, the employees have *incurred* no fees or costs in this litigation — the bills in this case do not "run, flow, fall . . . devolve [or] accrue" to them but to someone else entirely. VII *The Oxford English Dictionary* 834-35 (2d ed. 1989). And there is, quite literally, nothing to *reimburse* them for — nothing to "*return* to their purse." *See The Concise Oxford Dictionary of English Etymology* 396 (T.F. Hoad ed., 1986). Utah's statute gives the employees the same rights TruGreen has under the contract, but those rights don't provide a windfall recovery to one side or another that just happens to be equal to fees and expenses someone else alone must pay.

Having said that much, we pause to emphasize what we have not said and do not say. We don't address the situation where a party remains legally liable for fees and costs even though someone else pays them. Neither do we address the situation where a party parts with consideration so that someone else (say, an insurer) will assume responsibility for litigation expenses. In those situations, we can imagine arguments that the party in question could still be "reimbursed" for fees and costs it "incurred." But we don't have to pass (and do not pass) on any of that in this case. In *this* case the employees are liable for nothing and — whether they might have been able to do so — they do not contend they parted with any consideration. In *those* circumstances alone, we agree with the district court that, as a matter of plain language, there are no "incurred" fees to be "reimbursed."

- 4 -

To be sure, the employees argue that a handful of cases compel a different result. Most prominently, they rely on *Centennial Archaeology, Inc. v. AECOM, Inc.*, 688 F.3d 673 (10th Cir. 2012), interpreting Fed. R. Civ. P. 37(a)(5)(A), and *Blum v. Stenson*, 465 U.S. 886 (1984), and *Blanchard v. Bergeron*, 489 U.S. 87 (1989), both cases dealing with 42 U.S.C. § 1988. The employees stress that these cases did not require prevailing parties to pay any fees before becoming entitled to a fee recovery, even though the word "incurred" appears in the text of both Rule 37 and § 1988 just as it does in their contract.

But the teachings of other cases about other statutes and rules do not — without more — necessarily dictate the proper interpretation of the parties' contract. In reaching the results they did, these other cases relied heavily on the particular linguistic context in which the word "incurred" appeared, as well as the animating purpose of the statute or rule at hand. And a good deal of that analysis is simply inapt here. For example, one might make a plausible case that Rule 37's sanctions provisions and the civil rights statutes embody a punitive policy — an intent to punish the wrongdoer — that warrants an especially broad reading of their terms. But it's hard to see why we should impute a parallel policy to a routine employment contract. Certainly the employees have presented no persuasive argument for doing so.

Confirming our conclusion on this score is the care with which the employees have (cherry) picked their cases. The employees point to cases

holding that the word "incur" — when read in context of the full statute or rule at issue — permits fee shifting even before a party has paid a fee.  But plenty of *other* statutes containing the terms "reimburse" and "incur" *have been* interpreted as requiring the party who seeks fees to have a legal obligation to pay.  And though each statute, rule, or contract must be interpreted according to its own terms, surely the combination of both "reimburse" and "incur" — present in our contract, as in these other contexts — does more than one term might do alone to suggest that something must come out of a party's pocket before it can be returned there.  *See, e.g.*, *In re Espy*, 338 F.3d 1036, 1038-39 (D.C. Cir. 2003) (interpreting 28 U.S.C. § 593(f)(1)); *Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 367 (7th Cir. 2000) (interpreting 28 U.S.C. § 1447(c)).

For their part, the Idaho employees lodge a different sort of complaint. While the Utah employees must rest their appeal on the parties' contract and Utah's reciprocal fee statute, the Idaho employees enjoy the benefit of a state statute entitling them to a "reasonable" fee award.  *See* Idaho Code Ann. § 12-120(3).  On this much everyone before us agrees — and for its part the district court agreed as well to award the Idaho employees $14,822 in fees.

The Idaho employees say this award amounts to an abuse of discretion because their defense cost a good deal more.  They point to the fact that the attorneys representing the Utah and Idaho employees collectively charged their new employer hundreds of thousands of dollars in fees.  But however this might

be, when it came time to submit their fee application to the district court the Idaho employees segregated out only $14,822 as pertaining to their defense. It's clear from the record, too, that the Idaho employees were well aware that their fee application stood in a different and arguably more favorable legal posture than the Utah employees' — that they might recover and the Utah employees might not — and thus had every incentive to clarify the full amount of fees they thought attributable to their defense. Despite this, the Idaho employees offered the district court no methodology for allocating more fees and costs to them. And given that, we can hardly say the district court abused its discretion in issuing the award it did. *Cf. United States v. Fields*, 516 F.3d 923, 950 (10th Cir. 2008) (finding no abuse of discretion when party complains that the district court declined to take a course of action that it never proposed).

Neither are we convinced that the district court abused its discretion in declining to award more expenses under the separate terms of Idaho R. Civ. P. 54(d)(1)(D). That provision allows fee shifting only in "exceptional" circumstances. Before the district court, the plaintiffs made no effort to show their case met this high standard. And though they make the attempt in this court, that effort comes too late. *See Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1284 (10th Cir. 2013) (holding similar argument waived).

The judgment of the district court is affirmed. Because they have not prevailed on any aspect of this appeal, the appellants' request for their appellate fees is denied.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge